# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30172

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2017

Lyle W. Cayce
Clerk

In re: CHRISTOPHER FRANK,

Movant

Motion for an order authorizing
the United States District Court for the
Eastern District of Louisiana, New Orleans to consider
a successive 28 U.S.C. § 2255 motion

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Christopher Frank, federal prisoner # 01160-748, seeks authorization to file a successive 28 U.S.C. § 2255 motion challenging his sentence to life imprisonment for conspiring to distribute cocaine and cocaine base. A jury convicted Frank of that offense and two firearms charges in 1999, and he received a concurrent five-year prison sentence and a consecutive ten-year prison sentence for the firearms offenses. His life sentence resulted from the district court's application of U.S.S.G. § 2A1.1 and the cross-reference found at U.S.S.G. § 2D1.1; the district court found that various murders committed in furtherance of the conspiracy constituted relevant conduct for purposes of sentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30172

Frank argues that authorization to file a successive § 2255 motion is warranted in light of *Miller v. Alabama*, 132 S. Ct. 2455 (2012), which established a new rule of constitutional law that was made retroactively applicable to cases on collateral review in *Montgomery v. Louisiana*, 136 S. Ct. 718, 736–37 (2016).   He contends that *Miller* renders his life sentence unconstitutional because (1) he was sentenced under a mandatory scheme to life in prison without the possibility of parole; (2) he was a juvenile—between the ages of 14 and 17—when four of the murders in question were allegedly committed, and he was a "young adolescent"—ages 18 and 19—when the other murders were committed; and (3) the district court did not make an individualized sentencing decision.  We will grant authorization if, as relevant here, Frank makes a prima facie showing that his proposed claim relies on a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review.  § 2255(h)(2); *see* 28 U.S.C. § 2244(b)(2)(A), (3)(C).

Regardless of whether the guidelines-derived mandatory life sentence fell within the Supreme Court's limitations, *Miller* is unhelpful to Frank.  The relevant conduct that formed the basis for the cross-reference to § 2A1.1 included murders that occurred after he had attained age 18.  Thus, Frank has not demonstrated that *Miller* entitles him to authorization to file a successive § 2255 motion.  *See* § 2255(h)(2).

Accordingly, IT IS ORDERED that the motion for authorization to file a second or successive § 2255 motion is DENIED.   Frank's motion for the appointment of a neuropsychological expert is also DENIED.